UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:17CV1372 HEA |
| | ) |
| ANDY ATKINSON, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on April 21, 2017. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 10] on August 10, 2017. On October 26, 2017, Petitioner filed his Reply to Response to Order to Show Cause [Doc. No.13]. On November 28, 2018 this court conducted a hearing on the matters set forth in the Petition. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## **Procedural Background**

On September of 1988 Petitioner was committed to the Department of Mental Health as a result of being found Not Guilty Due to Mental Disease or Defect for the offenses of Second Degree Burglary, Second Degree Arson, First

Degree Property Damage, and Unlawful Use of a Weapon. Thereafter, on March 31, 2015 Petitioner filed a petition for Unconditional Release. On August 19, 2015 the Missouri trial court in St. Charles County, after a hearing on the merits of his claim for relief, denied Petitioner's request for relief.

It should be noted that the record makes it clear that there were attempts to assist Petitioner in his re-entry to mainstream society which resulted in a number of conditional release events spanning from June of 1993, and extended January 1994, November 1994, June of 1995, November of 1995, December of 1995, November of 1997, November of 1998, December of 1999, December of 2000, November 2001, November of 2002, October of 2004, December of 2005, November of 2007, November of 2009, November of 2011, January of 2013, October of 2013, and November of 4014. In 2014 the condition of Petitioner deteriorated and he was returned to the St. Louis Psychiatric Rehabilitation Center. After a plan for release was developed Petitioner was again conditionally released in December of 2014. The record reflects Petitioner was found to have violated the conditions of that release and was returned to the Department of Mental Health.

After having been found in violation of his conditional release Petitioner filed for Unconditional Release on March 31, 2015. The record reflects a full and complete hearing on the Motion for Unconditional Release occurred and the motion was denied by the Missouri state trial court. The trial court noted that

Petitioner was still dangerous. On appeal the Missouri Appellate Court affirmed the ruling of the trial court.

Now, in his Motion under 28 U. S. C §2254 to Vacate, Set Aside, or Correct Judgment of Person in State Custody he asserts his continued care by the Department of Mental Health is unlawful because he is no longer a threat to himself or the community. Petitioner therefore asserts he is being held in violation of the Constitution, laws, or treaties of the United States.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United

States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri

Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

**Discussion**

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here the state trial court, citing *State v. Revels*, 13 S.W.3d 293, 297 (Mo. banc 2000), concluded Petitioner was and continues to be dangerous. That court also made conclusion about the credibility of testimony offered by Petitioner was dubious and lacking in support from the record. The record supports the conclusion by the state trial court that Petitioner was a danger to himself or others. Testimony from the psychiatrists indicated that Petitioner has alcohol abuse issues and that he needs to refrain from drugs and alcohol and maintain his medications in order to be successful while on release. The record supports that he has difficulty in regard to those things. The opinion is reasonable, and well-supported in the law as recited by the trial court. The decision is a reasonable one and is entitled to deference under 28 U.S.C. §2254(d).

The ruling of the trial was appealed to the Missouri Appeals court. Upon review of the trial court ruling the Missouri Appeals court affirmed the trial court decision. The Appeals court concluded that the finding of not guilty by reason of

mental disease or defect established that Brown had a mental disease or defect. The Appeals court also concluded the state trial court acted well within its discretion in finding the testimony offered by Petitioner was not credible. The Missouri Appeals court found "Brown failed to present sufficient evidence to prove by clear and convincing evidence that he did not have, and in the reasonable future was not likely to have, a mental disease or defect rendering him a danger to himself or others. Instead, there is substantial evidence in the record supporting the trial court's judgment denying Brown's application for unconditional release." This determination was reasonable and is entitled to deferential treatment pursuant to 28 U.S.C. §2254(d).

There is ample support in the record for the determination and conclusions of the state courts. Petitioner has failed to rebut the presumption of correctness through allegation or evidence, which is clear and convincing in nature. The state court rulings are entitled to deference under sections 2254 (d) and (e).

## Conclusion

Based upon the foregoing discussion and analysis, the Petition for Writ of Habeas Corpus is denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254

Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 29th day of November, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE